IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL CUSANO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL RV CENTER, a Utah corporation; FLEETWOOD RV, INC., a Delaware corporation; and FREIGHTLINER CUSTOM CHASSIS RV, a Delaware corporation,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:18-cv-581<br>Judge Dee Benson |

This matter is before the court on Defendant General RV Center's Motion to Dismiss, or in the Alternative, to Transfer venue pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1404(a). (Dkt. No. 17.) The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1 of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## RELEVANT BACKGROUND

This case arises out of the sale of a 2015 Expedition 38K Recreational Vehicle (RV). According to the Complaint, the subject RV was manufactured by Defendant Fleetwood RV and Freightliner Custom Chassis RV. Defendant Fleetwood then sold the RV to Defendant General RV, an independent dealership. On July 21, 2015, General RV, a company headquartered in Michigan, with multiple locations in Michigan and other states, sold the RV to Plaintiff Cusano, from its location in Salt Lake City, Utah. General RV sold the RV to Plaintiff subject to the terms and conditions of a Purchase Agreement.[1]

The Purchase Agreement between General RV and Plaintiff states that any claims arising out of the RV, its sales, or its service, must be filed in Michigan. Specifically, on the front side of the Purchase Agreement, in all capital letters, directly above Plaintiff's signature, the contract states:

> BY SIGNING BELOW, PURCHASER ACKNOWLEDGES THAT PURCHASER HAS RECEIVED A COPY OF THIS AGREEMENT AND THAT PURCHASER HAS READ AND UNDERSTANDS THE TERMS OF THIS AGREEMENT, INCLUDING THOSE PRINTED ON THE REVERSE SIDE, WHICH INCLUDE AN ARBITRATION AGREEMENT, AN "AS IS" CLAUSE, AND A CHOICE OF LAW PROVISION INDICATING THAT MICHIGAN LAW WILL APPLY TO ANY POTENTIAL DISPUTES AND THAT ALL CLAIMS MUST BE FILED IN MICHIGAN.

(Dkt. 17, Exhibit 1, Purchase Agreement.)

Paragraph 2, located on the reverse side of the Purchase Agreement, provides in part:

---

[1] Plaintiff also purchased an extended service contract from Cornerstone and roadside assistance from Coachnet. Plaintiff initially included and named both Cornerstone and Coachnet as defendants in this action. However, Cornerstone and Coachnet have since been dismissed pursuant to stipulated voluntary dismissals. (Dkt. Nos. 41 & 42.)

> Should any dispute arise out of, or relate to, this Agreement, the RV sold pursuant to this Agreement, and/or service work on the RV, **those disputes shall be governed by the substantive laws of the State of Michigan**, without regard to conflict of law rules. This means that if Purchaser files a claim against Dealer regarding anything with RV, Michigan law will control that claim. In addition, Purchaser **agrees that the exclusive jurisdiction for deciding any dispute shall be in Oakland County, Michigan**, and Purchaser will file any claim in Oakland County, Michigan. (Emphasis in original.)

Paragraph 16, also located on the reverse side of the Purchase Agreement, states:

> Although Purchaser understands that if Purchaser files a claim against Dealer it must be filed in Oakland County, Michigan, Purchaser also understands that Dealer may be open to pre-litigation Mediation and/or other forms of Alternative Dispute Resolution. If Purchaser is, Purchaser should contact Dealer to discuss this before filing a lawsuit in Oakland County, Michigan.

Plaintiff also signed a document entitled, "General RV Center, Truth in Lending Act" acknowledging:

> I did not have any questions regarding the sales agreement and signed the agreement willingly.
>
> I received a completed copy of the sales agreement to keep in my possession, which I willingly signed after its terms and conditions were presented to me.
>
> I fully understand the terms and conditions of the sales agreement presented to me.

(Dkt. 17, Exhibit 2, Truth in Lending Act.)

Immediately following the purchase, in 2015, the RV began exhibiting significant performance and quality-related issues. Nearly three years later, on June 11, 2018, despite the language in the Purchase Agreement, Plaintiff filed suit in state court in Utah alleging nine causes of action.[2] On July 20, 2018, the action was removed from state court to this court. (Dkt.

---

[2]Plaintiff's Complaint asserts the following causes of action: Breach of Contract; Breach of Implied Covenant of Good Faith and Fair Dealing; Unjust Enrichment; Strict Product

3

2.) Defendant General RV now seeks outright dismissal of the action or transfer of the action to Michigan pursuant to the forum selection clause.

## **DISCUSSION**

Defendant General RV asks the Court to dismiss Plaintiff's complaint because pursuant to the Purchase Agreement and related paper work, Plaintiff agreed that any claim regarding the RV, its purchase, or service work performed on the RV, must be filed in Michigan. Alternatively, General RV asks the court to transfer the case to the United States District Court for the Eastern District of Michigan, Southern Division, under 28 U.S.C. § 1404(a).

<u>Transfer vs. Dismissal</u>

The Supreme Court has instructed that the appropriate mechanisms for enforcing a forum-selection clause are 28 U.S.C. 1404(a) or the *forum non conveniens* doctrine, depending on whether the destination forum is federal or non-federal. *Atlantic Marine Constr. Co. v. US Dist. Court for the W. Dist. Of Tex.*, 571 U.S. 49, 61 (2013). Although General RV has requested either dismissal or transfer, the Court concludes that the appropriate vehicle in this case is transfer under 28 U.S.C. § 1404(a). The forum selection clause in the Purchase Agreement refers to a geographical location – Oakland County, Michigan – rather than a specific sovereign (federal vs. state court). Because reference to the geographic location Oakland County, Michigan encompasses both federal and state court, the Court concludes that transfer under 28 U.S.C. § 1404(a) is the appropriate mechanism for enforcing the forum selection

---

Liability; Negligence; Negligent Misrepresentation; Fraud and Fraudulent Misrepresentation; Breach of Express Warranties; and Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose. (Dtk. 2, Ex. 1, Complaint.)

clause. *See Bright LLC v. International, Inc.* 2017 WL 552292, *2 (D. Kan. Feb. 10, 2017) ("[B]ecause the forum selection clause allows for a federal forum, the proper mechanism is 28 U.S.C. § 1401.").

Forum Selection Clause

There are two types of forum selection clauses – permissive and mandatory. *Excell, Inc. v. Sterling Boiler & Mech, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997). "[W[hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause [is] mandatory." *Am. Soda, LLC v. U.S. Filter Wastewater Group*, 428 F.3d 921, 927 (10th Cir. 2005). The forum selection clause in this case does both: it designates Oakland County, Michigan as the venue for suit, and it includes mandatory language of exclusion – the term "shall." (Dkt. 17-1, ¶2 ("[T]he exclusive jurisdiction for deciding any dispute shall be in Oakland County, Michigan.").)

The United States Supreme Court has explicitly provided: "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances *unrelated to the convenience of the parties* should a § 1404(a) motion be denied." *Atlantic Marine*, 571 U.S. at 62 (emphasis added); *see also*, *id.* at 63 ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.")

The Supreme Court has provided district courts with specific instructions for analyzing the enforcement of a valid forum-selection clause. "First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden

of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, the court "should not consider arguments about the parties private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses." *Id.* at 64. As a consequence, "a district court may consider arguments about public-interest factors only. Because these factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*

Plaintiff does not contest that the Purchase Agreement, which he knowingly and voluntarily signed, contained a mandatory forum selection clause designating Michigan as the appropriate forum. Additionally, Plaintiff does not attempt to defeat enforcement of the clause by identifying any public-interest factors. Rather, Plaintiff argues the clause should not be enforced because this case presents extraordinary and unusual circumstances. In support, Plaintiff asserts that he is disabled and his disability renders him unable to travel long distances. Plaintiff further alleges that General RV is aware of these limitations and is attempting to use them against Plaintiff because General RV knows that Plaintiff cannot travel to Michigan to pursue his claims. Additionally, Plaintiff asserts transferring the case would "bifurcate the litigation and offend the policy of judicial economy." (Dkt. 26, Pl.'s Opp'n at 8.) Finally, Plaintiff asserts that he has limited resources and does not have the means to litigate in Michigan. (*Id.* at 9.)

Applying the relevant legal principals to the facts of this case, the Court finds that Plaintiff has failed to satisfy his burden of demonstrating extraordinary or unusual circumstances

sufficient to defeat the enforcement of the valid and mandatory forum selection clause in the Purchase Agreement. To the extent Plaintiff suffers from a disability and is unable to travel, the Court notes that according to Plaintiff's own sworn affidavit he suffered from such impairments at the time he signed the Purchase Agreement which explicitly required filing suit in Michigan. (Dkt. 26-1, Cusano Aff. ¶¶ 9-18.). Moreover, courts have routinely enforced mandatory forum selection clauses in similar instances of disability and inability to travel. *See, e.g., Mann v. Automobile Protection Corp.*, 777 F.Supp.2d 1234, 1241 (D.N.M. 2011) ("[W]hile the Court understands that Plaintiff's health conditions would make litigation in Georiga more inconveient, Plaintiff does not establish that it would foreclose a remedy for him."); *Levesque v. Trans Union, LLC*, 2010 WL 3522264, at *3 (D. Nev. Sept. 1, 2010) (enforcing forum selection provision even though plaintiff suffered from a heart condition requiring him to be housebound and claimed economic hardship in the transfer of venue). Likewise, Plaintiff should not be allowed to avoid the agreed upon choice of forum by including additional defendants and then claiming that maintaining two different lawsuits would "offend notions of judicial economy" or otherwise render the transfer unfair. *See, e.g., Mann v. Auto Protection Corp.*, 777 F. Supp. 2d 1234, 1243 (D. N.M. 2011) (stating that "it would be unfair to allow Plaintiff to evade his contractual choice of forum by . . . naming parties who are not part[ies] to the agreement."); *Flanagan v. Access Midstream Partners, L.P.*, 2017 WL 4324535, *2 (N.D. Okla. Sept. 28, 2017) (concluding that Plaintiff cannot "avoid her contractual choice of forum simply by amending her complaint only to include non-parties and non-contractual claims" and concluding that defendants were "closely related" and non-parties who benefitted from the forum selection clause ). Finally, Plaintiff has

failed to satisfy the Court that he cannot obtain counsel and pursue his claims in Michigan. *See generally, Atlantic Marine*, 571 U.S. at 64 ("Whatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.").

In sum, the Court finds that all of plaintiffs' claims against the defendants in this action were potentially foreseeable to Plaintiff when he signed the Purchase Agreement and are covered by the mandatory forum-selection clause. There are no public-interest considerations before the Court and Plaintiff has failed to demonstrate unusual circumstances sufficient to defeat a §1404(a) transfer premised on the mandatory forum selection clause. Therefore, pursuant to the terms of the forum selection clause, Court finds that it is in the interest of judicial economy to transfer this action, in its entirety, to Michigan, so that one judge can address all of the pending motions.

IT IS THEREFORE ORDERED that Defendant General RV's Motion to Dismiss or, in the Alternative, to Transfer Venue (Dkt. 17) is DENIED IN PART to the extent it seeks dismissal of the case, and GRANTED IN PART to the extent it asks that the case be transferred.

IT IS FURTHER ORDERED that the Clerk of the Court TRANSFER this action, in its entirety, to the United States District Court for the Eastern District of Michigan, Southern Division, for further proceedings.

DATED this 12th day of February, 2019.

Dee Benson
United States District Judge